UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cr-60017-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PHILLIP HYLANDER,

    Defendant.
_____/

ORDER ON EMERGENCY MOTION FOR
MODIFICATION OF SENTENCE TO HOME CONFINEMENT

**THIS CAUSE** is before the Court upon Defendant Phillip Hylander's ("Defendant" or "Hylander") Emergency Motion for Modification of Sentence to Home Confinement, ECF No. [57] ("Motion"), filed on April 10, 2020. The Court has carefully reviewed the Motion, the Government's Response, ECF No. [60], Defendant's Reply, ECF No. [61], the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

**I.    BACKGROUND**

On January 25, 2018, Defendant was charged by indictment with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1) (Count 1), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) (Count 2). ECF No. [5] ("Indictment"). On May 22, 2018, Defendant pled guilty to Count 1 of the Indictment, ECF No. [20], and the Court sentenced him to a term of sixty-three (63) months' imprisonment, followed by ten (10) years of supervised release. *See* ECF Nos. [43], [44], [45].

Defendant has served twenty (20) months of his 63-month sentence and is currently housed

at FCI Jesup, located in Jesup, Georgia. In the Motion, Defendant requests that he be permitted to complete the remainder of his sentence under home confinement with electronic monitoring pursuant to 18 U.S.C. § 3582(c)(1) due to extraordinary and compelling circumstances arising from the current coronavirus outbreak and related COVID-19 pandemic.

SARS-CoV-2, the novel coronavirus, and COVID-19, the disease it causes, have spread throughout the world and are impacting every person's life. The United States is currently reporting more confirmed cases of COVID-19 and deaths as a result than any other country, with more than 632,000 cases and more than 31,000 deaths as of April 16, 2020.[1] The COVID-19 pandemic poses a serious danger to society at large, and especially to at-risk inmates. In addition, COVID-19 poses a higher risk to incarcerated individuals who are unable to practice health precautions available to the general public, such as social distancing.

As a result of this dynamic, unpredictable, and unprecedented situation, Attorney General William Barr has urged the Federal Bureau of Prisons ("BOP") to move vulnerable inmates out of institutions and to home confinement, where appropriate. Memorandum from the Att'y Gen. to the Director of Bureau of Prisons (the "Memorandum") (Apr. 3, 2020) (accessible at https://www.justice.gov/file/1266661/download). The Memorandum identifies several facilities that have been particularly affected and which should be given priority in the BOP's consideration of implementing home confinement, including FCI Oakdale, FCI Danbury, and FCI Elkton. *Id*. at 1. In addition, the Attorney General makes an express finding that extant emergency conditions are materially affecting the functioning of the BOP, and directs that the BOP immediately maximize appropriate transfers to home confinement of all appropriate inmates at the specifically named facilities, and other similarly situated facilities where COVID-19 is materially affecting

---

[1] Centers for Disease Control and Prevention, *Cases in U.S.*, updated April 16, 2020, at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited April 17, 2020).

operations. *Id*. The Memorandum further directs the BOP to review all inmates who have COVID-19 risk factors as established by the Centers for Disease Control and Prevention ("CDC") to determine suitability for home confinement, while emphasizing the importance of protecting the public from individuals who may pose a danger to society, and recognizing the need to prevent over-burdening law enforcement with "the indiscriminate release of thousands of prisoners onto the streets without any verification that those prisoners will follow the laws when they are released . . . and that they will not return to their old ways as soon as they walk through the prison gates." *Id*. at 2-3. The Memorandum also stresses the need for careful individualized determinations regarding the propriety of releasing any given inmate, and does not encourage indiscriminate release. *Id*. at 3.

With this background in mind, the Court considers Defendant's Motion.

## II. DISCUSSION

Defendant seeks relief under the compassionate release provision of 18 U.S.C. § 3582(c)(1), which provides:

> **(c) Modification of an imposed term of imprisonment**. – The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case--
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USC § 3553(a)] to the extent that they are applicable, if it finds that –
>
> **(i)** extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i).[2] Under the relevant Sentencing Guidelines policy statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that . . . extraordinary and compelling reasons warrant a reduction." U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The Commission's policy statement adds that the Court should reduce the sentence only if the "defendant is not a danger to the safety of any other person or to the community." *Id*. Thus, in order to transfer Hylander's remaining term of imprisonment to home confinement, the Court must find extraordinary and compelling reasons warrant such transfer, that he is not a danger to the community, and consider the relevant § 3553(a) factors.

Hylander seeks release to home confinement based on his age and several underlying health conditions, which he contends place him within the demographic of the most highly exposed to COVID-19 disease and fatality according to CDC guidance. The Government opposes Defendant's request, arguing that Defendant has cited no cases of COVID-19 at FCI Jesup where he is housed, the BOP has modified its operating procedures to prevent the outbreak and spread of COVID-19, and that even in the event that a case of COVID-19 were confirmed at FCI Jesup, the BOP would have the capacity to effectively address it.

Defendant bears the burden of establishing that compassionate release is warranted. *Cf. United States v. Hamilton,* 715 F.3d 328, 337 (11th Cir. 2013) (stating that a defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) bears the burden of proving that such a reduction is appropriate). Defendant is sixty-six (66) years old and suffers from chronic hypertension, edema, gastroesophageal reflux disease ("GERD"), stomach ulcers, and high cholesterol. In addition, Defendant is pre-diabetic and obese. According to CDC guidance, the following conditions and

---

[2] Hylander first filed an administrative request with the BOP to be released to home confinement, which request he confirms was denied during the pendency of the instant Motion. *See* ECF No. [61] at 1.

4

risk factors place individuals at high risk for severe COVID-19 illness: asthma, chronic lung disease, diabetes, serious heart conditions, chronic kidney disease, severe obesity, liver disease, being immunocompromised, over the age of sixty-five (65), and being in a nursing home or long-term care facility.[3] The Court is sympathetic to Defendant's health conditions and notes that two of his conditions expressly meet those enumerated by the CDC as increasing his risk for severe illness due to COVID-19 as he is over sixty-five years old and obese. Defendant further argues that he should not have to wait to be infected or for there to be an outbreak at FCI Jesup. However, as the Memorandum makes clear, the intention in increasing the availability of home confinement is to target facilities like FCI Oakdale, Danbury, and Elkton, at which COVID-19 is materially affecting operations. There is no indication that FCI Jesup is similarly situated, nor has there been a finding that COVID-19 is materially affecting operations at that facility.

The Court must also evaluate whether Hylander is a danger to the safety of others or the community under 18 U.S.C. § 3142(g). In making this determination, courts should consider "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C § 3142(g). Defendant pled guilty to receipt of child pornography, and he admitted to downloading and viewing child pornography from a computer inside his home office, and storing child pornography on an external hard drive. ECF No. [23] at 3. In addition, Defendant also admitted that he had been downloading child pornography for several years, and that he would frequently delete files for fear of being caught. *Id*. A computer forensic examination of Defendant's

---

[3] Centers for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, updated April 17, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (accessed April 17, 2020).

5

computers and external drives revealed over 600 videos of children under the age of 18 engaged in sexual activity. *Id*. Moreover, Defendant proposes to be released to the home with his wife and brother-in-law, which is precisely the location in which the offense for which he was convicted was committed, and presents a concern that Defendant will reoffend. As such, the Court finds that Defendant's release to home confinement would pose a danger to the community.

Finally, the Court considers the applicable 18 U.S.C. § 3553(a) factors. At the time of sentencing, the nature and circumstances of the offense and the history and characteristics of the offender, along with the need to ensure adequate punishment, deterrence, and community protection, and to avoid unwarranted disparity, warranted a sentence of sixty-three (63) months of imprisonment. Hylander has served less than one-third of that sentence. In addition, the Defendant has not provided any other basis, other than his underlying health conditions, to persuade the Court that its consideration of the § 3553(a) factors since sentencing should be modified.

Therefore, Defendant has failed to demonstrate that a sentence modification to home confinement is warranted in his case.

### III.   CONCLUSION

Accordingly, the Motion, **ECF No. [57]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 17, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record